UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICTORIA HENN, | ) |
|     Plaintiff | ) |
| v. | ) 1:13-cv-00038-JAW |
| OFFICE OF HOMELAND SECURITY, et al., | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

Plaintiff Victoria Henn has filed a complaint against Homeland Security, Augusta, ME and the Federal Bureau of Investigation, Boston, MA. She seeks both injunctive and monetary relief against both named defendants. In addition to two hundred million dollars in damages for her prolonged pain and suffering, Henn wants injunctive relief including, but not limited to, an independent test at the University of Texas molecular lab to determine the chemical composition of the biochemical germ that has been unlawfully used against her by the defendants. The monetary damages arise from "the time consuming task of the painful daily removal of these reforming living organisms of a single nucleus, some having very complex minute structures, being my own round the clock nurse with my struggle to survive just about the impossible over the extended period of four years since the illegal deadly injection was administered when a ear x ray was switched at the last minute to a ct scan of the neck that I did not need." (Complaint at ¶ 4(f).) This complaint is not the first time Henn has sought relief against these defendants in this court. I now recommend that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915 (e)(2). My recommendation is based not only upon the contents of the present complaint,

but also upon the litigation history related to Henn and these two defendants. I therefore recite at some length the history of the prior litigation.

## The Prior Litigation

On February 5, 2007, exactly six years ago, Henn filed a complaint containing similar allegations. Henn v. Maine State Police, 1:07-cv-00019-JAW. In her amended complaint in that litigation Henn made it clear that she wanted to maintain her law suit against the Department of Homeland Security and the Federal Bureau of Investigation. As for the Department of Homeland Security, Henn sought an immediate injunction and damages claiming that the department has inflicted psychological/mental and physical injury on Henn and her son and has killed their animals. With respect to the Federal Bureau of Investigation, Henn believed it played a role in planting a satellite controlled receiver and tracking device in her truck in Wilmington, North Carolina, and the re-wiring of her Chevy S10 truck in Bellows Falls, Vermont. Henn also sought to stop these two agencies from using state and local police to harass, threaten, intimidate, or entrap her in any way.

With respect to her further factual allegations Henn believed that eavesdropping equipment was used to listen in on her and the information so obtained was used against her and her twelve-year-old son in school to humiliate and intimidate him. (Am. Complaint ¶ 5.) Henn contended that when she brought the eavesdropping equipment to the FBI in Wilmington, her truck was illegally searched and a tracking device was implanted. (Id. ¶ 6.)

In the prior case the two agencies responded through the United States Attorney's Office. The two agencies argued that the court did not have jurisdiction because Henn did not exhaust her administrative remedies, a prerequisite for asserting a tort claim against them under the Federal Tort Claims Act. (Mot. Dismiss at 4.) They submitted appropriate affidavits from each

2

agency in support of this assertion. They also pointed out that, to the extent that Henn was asserting claim under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), she cannot pursue such claims against federal agencies, see <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 483-86 (1994), and they noted that despite my earlier order Henn had not identified any individual acting in an official capacity who might be subject to injunctive relief. (<u>Id.</u> at 5.) Finally, they asserted that to the extent that Henn is asserting some claim other than a tort or a <u>Bivens</u> claim, her action should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. Applying the law to the amended complaint, I concluded that the defendants were entitled to dismissal of the suit.

### Resolution of the Present Complaint

I note first that in the present complaint, Henn does not allege that she has complied with the Federal Tort Claims Act nor does she sue any individual actors, thus making her action a complaint against the United States of America, which, of course is entitled to assert the defense of sovereign immunity. Thus, I have no doubt that if service were ordered in this case, the result would be the same as the result in the prior case. However, given the nature of the allegations and the history of litigation, I do not believe that resort to dismissal on that basis is necessary.

With respect to an in forma pauperis action such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989); see also <u>Mallard</u>

v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), [now § 1915(e)] for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). I credit that Henn believes that her factual allegations of a six-year pattern of harassment by the FBI, aided and abetted by Homeland Security, are true, but this acknowledgement does not mean that the case should not be dismissed as frivolous or for failure to state a claim that is cognizable in this Court. Other courts have arrived at the same difficult conclusion concerning similar allegations. See, e.g., O'Connor v. United States Drug Enforcement Agency, 159 F.R.D. 22 (D. Md. 1994); Christian v. Moore, No. 3:10-CV-302-FDW-DSC, 2010 WL 3418390, , 2010 U.S. Dist. Lexis 9961 (W.D.N.C. Aug. 30, 2010) (unpublished).

I have carefully reviewed Henn's complaints[1], including the accompanying photographs, and considered those allegations in light of the previous filings Henn made in this Court. I cannot find that she has stated a claim upon which relief may be granted. I recognize that a pro se complaint must be read liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Henn alleges she has been subjected to various forms of chemical agents by unnamed individuals associated with the FBI and the Department of Homeland Security. The basis of her claim is described as her observation of the federal agencies from "behind the scene." While the photographs may show there is a plausible claim of some skin abnormalities (presumably Henn is the woman in the photographs), there are simply no plausible allegations that the federal government had

---

[1] She actually filed two almost identical complaints, one directed against Homeland Security and one against the FBI. Those documents are found at ECF No. 1 & 1-1.

anything to do with it.  Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).  Henn's naked assertions against these agency defendants would not pass even the most basic of pleading standards, even if they were not describing "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. at 327-28.  I conclude that Henn's complaint is subject to dismissal under all three subparts of § 1915 (e)(2)(B)(i-iii), because it is frivolous, it fails to state a claim, and it seeks monetary damages from the United States of America, a party immune from suit.

## Conclusion

For the reasons set forth above, I recommend summary dismissal of the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 7, 2013

/s/ Margaret J. Kravchuk  
U.S. Magistrate Judge